UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 18-2362 JGB (SPx)** | Date | 11/7/18 |
| Title | *K.C., a minor, et al. v. Victor Valley Transit Authority, et al.* | | |

Present: The Honorable     JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    Order REMANDING the Case to the Superior Court of the State of California for the County of San Bernardino (IN CHAMBERS)

    On October 26, 2017, Plaintiffs K.C., a minor, <u>et al.</u>, filed a complaint against the Victor Valley Transit Authority ("VVTA") and Does 1-50 in the Superior Court of the State of California, County of San Bernardino, under Case Number CIVDS1720560. ("Complaint," Dkt. No. 1.) The Complaint alleges that, on November 4, 2016, Plaintiffs were injured while riding a bus operated by Defendants due to the negligence of the bus driver. (<u>Id.</u> at 4.) Plaintiffs state two causes of action, for negligence and negligent infliction of emotional distress. (<u>Id.</u> at 1.)

    On November 5, 2018, Defendants VVTA and Savannah Williams ("Defendants") filed a notice of removal to this Court. ("Notice," Dkt. No. 1.) The Notice alleges that the Court has federal question jurisdiction under 28 U.S.C. § 1331 because Defendant VVTA has filed a cross-complaint against the manufacturer of the bus on which Plaintiffs were allegedly injured which asserts that the bus's seatback handhold did not comply with Federal Motor Vehicle Safety Standard No. 201, 49 C.F.R. § 571.201. (Notice at 3.) Defendants allege that a federal question "appears on the face of the complaint because the issue is whether or not this seatback handhold complies with the applicable federal guidelines…" (<u>Id.</u>)

    Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." <u>Gunn v. Minton</u>, 568 U.S. 251, 256 (2013). As such, federal courts only have original jurisdiction over civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. <u>See</u> 28 U.S.C. §§ 1331, 1332. Federal courts are under an "an independent obligation to examine their own jurisdiction," <u>FW/PBS, Inc. v. City of Dallas</u>, 493 U.S. 215, 231 (1990), and may raise the issue of subject matter jurisdiction at any time, sua sponte, <u>Mobilitie</u>

Mgmt., LLC v. Harkness, Case No. 16-CV-1747, 2016 WL 10879714, at *1 (C.D. Cal. Oct. 31, 2016).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," such that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). The Court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

Defendants have not adequately demonstrated the existence of federal question jurisdiction. While Defendants allege that the issue which appeared on the face of the Complaint "is whether or not this seatback handhold complies with the applicable federal guidelines," (Notice at 3), the Complaint in fact contains no mention of the seatback handholds on the subject bus. Rather, both causes of action are based on negligent operation of that bus. Thus, the sole grounds of removal asserted by Defendants is that a cross-complaint filed by them against the manufacturer of the bus upon which Plaintiffs were injured raises a federal question.

It is well established that, under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). Under this rule, plaintiffs are the masters of their complaint and are enabled to have their case heard in state court by "eschewing claims based on federal law…." Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) (quoting Caterpillar Inc., 482 U.S. at 398-99). Thus, a case may not be removed to federal court on the basis of a federal defense, "even if the defense is anticipated in the plaintiff and even if both parties admit that the defense is the only question truly at issue in the case." Rivet, 522 U.S. at 475 (quoting Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 14 (1983)). Nor may federal question jurisdiction be established for the purposes of removal by the filing of a counterclaim based on federal law. Holmes, 535 U.S. at 831.

The assertion of removal jurisdiction on the basis of a question of federal law raised in a cross-claim would also violate the well-pleaded complaint rule. See Redevelopment Agency of City of San Bernardino v. Alvarez, 288 F. Supp. 2d 1112, 1115 (C.D. Cal. 2003) (removal "cannot be based on a counterclaim or cross-claim raising a federal question."); Newlook Realty Co. v. Avila, Case No. 15-CV-2532, 2015 WL 8276506, at *1 (E.D. Cal. Dec. 9, 2015) ("Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court."); Palmer v. Univ. of Med. & Dentistry of New Jersey, 605 F. Supp. 2d 624, 628–29 (D.N.J. 2009) (finding that "the majority of courts concur that cross-claimants may not remove an action to federal court under section 1441(a) and/or (c)."). While the Court has not found controlling precedent on this issue, the Court's holding is consistent with and flows naturally from the policy considerations underlying the well-pleaded complaint rule: holding otherwise would leave acceptance or rejection of a state forum to the

cross-claimant rather than the plaintiff, would dramatically expand the class of removable cases, and would undermine the clarity of the well-pleaded complaint doctrine.  See Holmes, 535 U.S. at 831-32 (describing policy considerations underlying well-pleaded complaint rule and rejecting removal jurisdiction based solely on federal question raised by counter-claim).  These concerns are magnified here, where the allegations raised in the cross-claim are unrelated to Defendants' negligence and arise from a separate nucleus of operative facts.

For the foregoing reasons, the Court finds that it does not have jurisdiction over this matter under 28 U.S.C. § 1331.  On its own motion, the Court REMANDS this matter to the Superior Court of the State of California for the County of San Bernardino.

**IT IS SO ORDERED.**